■ In the Matter of DISTRICT No. 1-PCD, MARINE ENGINEERS' BENEFICIAL ASSOCIATION (AFL-CIO), et al., Appellants, v APEX MARINE SHIP MANAGEMENT COMPANY, L.L.C., et al., Respondents. [777 NYS2d 300]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), entered January 21, 2004, which, to the extent appealed from, denied the petition seeking a modification of an arbitration award and confirmed the award, unanimously affirmed, without costs.

The arbitrator acted within the scope of her authority under the parties' collective bargaining agreement in deciding the issue of remedy. The award drew its essence from that agreement. This Court's prior decision (296 AD2d 32 [2002], *lv denied* 98 NY2d 616 [2002]) did not stand for the proposition that respondent Mormac Marine Transport was required to reinstate petitioner Kirmon should an arbitrator find that he had not been dismissed for cause (*see United Steelworkers of Am. v Enterprise Wheel & Car Corp.*, 363 US 593 [1960]). The arbitrator was not limited to crafting a remedy from the literal language of section 4 (a) of the agreement after concluding that reinstatement was neither appropriate nor necessary under these unique circumstances. Concur—Buckley, P.J., Tom, Mazzarelli, Sullivan and Ellerin, JJ.